## C. L. Mistrot v. The State.

No. 2822.   Decided January 14, 1914.

**1.—Occupation Tax—Merchant—Bankrupt Stock—Information.**

Where, upon trial of failure to pay tax as a merchant who offers for sale bankrupt stocks of goods, etc., the information did not allege what tax, if any, was due under the law, and how long the defendant had been located in the county of the prosecution, and was otherwise vague and indefinite, the same was bad on motion to quash.

**2.—Same—Name of Defendant.**

The name of the defendant if known must be stated in the indictment or information, and if not known, some reasonably definite description of him given, and where the given name of the alleged defendant is omitted in the information, and no reason shown why the name is not given, the same is bad on motion to quash.

Appeal from the County Court of Baylor.   Tried below before the Hon. T. J. North.

Appeal from a conviction for failure to pay occupation tax as merchant on bankrupt stock, etc.; penalty, a fine of $60.

The opinion states the case.

*J. A. Wheat,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted and convicted for failure to pay the tax levied and authorized to be levied under section 1 of

article 7355 of the Revised Civil Statutes. Said section reads as follows: "From every merchant who may remove from place to place and offer for sale 'bankrupt stocks' of goods, or advertising 'fire sales,' or 'water and fire damaged stocks for sale,' for a limited period of time, there shall be collected one hundred dollars per month for the first month, or less than a month, for each and every place where such business is located; and for each additional month that such sales are continued, at any given place, said merchant shall pay an additional sum of twenty dollars; provided, that where they remain six months in one place, in addition to the one hundred dollars charged for the first month, they shall pay an additional sum of ten dollars per month; and provided, further, that if they remain in one place for the period of twelve months, they shall be required to pay, in addition to the one hundred dollars for the first month, the sum fixed in the preceding paragraph, according to class and amount of goods sold in one year."

The complaint and information is attacked on several grounds. One ground is that information does not charge the offense in specific enough terms to show what tax, if any, is due under this law, in that it does not allege how long he had been located in Baylor County. It will be noted that for the first month a merchant of that class is required to pay $100 per month, and for each additional month he shall continue in that business $20 per month, provided that if he remains for six months or longer in one place he shall only be required to pay only $10 for each month after the first month. It is thus seen for the five months following the first month, whether he shall be required to pay $20 per month or only $10 per month is made contingent on whether or not he shall remain in business in the same place for six months or longer; and if they remain in one place twelve months or longer, then in addition to the $100 paid for the first month, then they shall be required to pay for the additional time only such sum as theretofore levied on merchants of the same class. Thus it is seen that while $100 is the fixed amount to be paid for the first month, the amount to be paid for any subsequent month can only be determined by the lapse of time. If he remains less than six months, the amount is $20; if he remains longer than six months, but no more than twelve months, the tax is $10 per month, while if he remains longer than twelve months, then the tax after the first month is the same as that levied upon the ordinary retail merchant, and which tax having been repealed, we suppose a proper construction of this statute would be that if appellant should remain longer than twelve months he would owe no tax after the first month. It was certainly the intent and purpose to tax such person the same as other merchants after the first month, if they remained in business twelve months or longer in one place, and as it would be necessary to prove that he had not remained in the place twelve months, or did not intend to do so, some allegation in the indictment ought to have charged the time appellant had been engaged in the character of business taxed by the statute in that place, so that

it could be determined what amount, if any amount, was due under the law. Again, the information charges in one place that Mistrot Brothers and — Mistrot engaged in the business, and in another charges that C. L. Mistrot, one of the firm, did engage in the business. From the allegations one could not determine whether C. L. Mistrot was liable for the tax, or Mistrot Brothers was liable for the tax. And in alleging that the firm was composed of C. L. Mistrot and — Mistrot there is no allegation why the name of — Mistrot is not given. If it was unknown it should have so been stated. Section 1, article 257, of the Code provides that the name of the accused if known must be stated, and if not known some reasonably definite description of him given. In the case of Mrs. Beaumont v. the City of Dallas, 34 Texas Crim. Rep., 68, it was held that to name the acused as Mrs. Beaumont was insufficient. See also article 938 of the Code of Criminal Procedure.

The complaint and information in this case being so vague and indefinite, it will be necessary to reverse and dismiss the case, therefore we do not deem it necessary to discuss the other questions raised.

The judgment is reversed and prosecution ordered dismissed.

*Reversed and dismissed.*