## May Dollar v. The State.

. No. 5579. Decided December 10, 1919.

1.—Pandering—Sufficiency of the Evidence.

Where, upon trial of pandering under article 506a, Penal Code, the evidence was sufficient to sustain the conviction, there was no reversible error.

2.—Same—Husband and Wife—Evidence—Cross-examination.

Where, upon trial of pandering, the cross-examination of the husband was with reference to his direct examination and germane thereto, and besides, the court withdrew the same and the bill of exceptions did not point out specifically any injury to the defendant, there was no reversible error.

3.—Same—Argument of Counsel.

While the argument of State's counsel was not as decorous as it should have been, the same in the instant case presents no reversible error. Following: Borrer v. State, 83 Texas Crim. Rep.. 198. 204 S. W. Rep., 1006.

4.—Same—Evidence—Bill of Exceptions—Character of House.

Where, upon trial of pandering, it appeared from the evidence that a certain State's witness was a prostitute and that defendant induced her to become an inmate of the house she was keeping as a house of prostitution, tnere was no error in asking the witness the question whether the defendant and her husband were in charge of said house, to which she answered in the affirmative.

5.—Same—Evidence—Character of House.

Upon trial of pandering, it was permissible that the State prove that the house kept by defendant and her husband was made the resort of prostitutes and to show by a witness who was a prostitute that she was assigned a room therein by defendant's husband, and the fact that defendant was not present in the lobby of the hotel at the immediate time was not material. Following: Clark v. State, 76 Texas Crim. Rep., 348, 174 S. W. Rep., 355, and other cases.

**6.—Same—Evidence—Bill of Exceptions.**

Upon trial of pandering, there was no error in admitting testimony showing the character of persons who registered at the place kept by the defendant to show its public character; besides, the bill of exceptions was insufficient.

**7.—Same—Charge of Court—Practice on Appeal.**

Where upon trial of pandering, the court's main charge, together with submitted requested charges fairly submitted the issues to the jury, there was no error in refusing other special charges thereon.

Appeal from the District Court of Potter. Tried below before the Hon. Henry S. Bishop, judge.

Appeal from a conviction of pandering; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Pearson & Monning,* for appellant.—On question of cross-examination of husband: Gaines v. State, 42 S. W. Rep., 385; McDougal v. State, 81 Texas Crim. Rep., 179, 194 S. W. Rep., 944; Johnson v. State, 66 Texas Crim. Rep., 586, 148 S. W. Rep., 328; Darnell v. State, 58 Texas Crim. Rep., 585, 126 S. W. Rep., 1122; Kemper v. State, 63 Texas Crim. Rep., 1, 138 S. W. Rep., 1025; Hill v. State, 72 Texas Crim. Rep., 109, 161 S. W. Rep., 118; Clements v. State, 61 Texas Crim. Rep., 161, 134 S. W. Rep., 728.

On question of argument of counsel: Hart v. State, 57 Texas Crim. Rep., 21, 121 S. W. Rep., 508; Daniels v. State, 71 Texas Crim. Rep., 662, 160 S. W. Rep., 707; Whitaker v. State, 211 S. W. Rep., 787.

On question of presence of defendant: Sorell v State, 74 Texas Crim. Rep., 100, 167 S. W. Rep., 356; Nichols v. State, 75 Texas Crim. Rep., 67, 170 S. W. Rep., 304; Funk v. State, 208 S. W. Rep., 513.

*Alvin M. Owsley,* Assistant Attorney General, for the State.— On question of character of house: Jones v. State, 72 Texas Crim. Rep., 496, 162 S. W. Rep., 1142; Clark v. State, 76 Texas Crim. Rep., 348, 174 S. W. Rep., 354.

MORROW, JUDGE.—The appellant was convicted of the offense of pandering, defined in Article 506a of the Texas Penal Code, the indictment containing the allegation that she did "unlawfully and wilfully procure, and attempt to procure, and was concerned in procuring Fannie Doty, a female person, to become an inmate of a house of ill-fame and prostitution in said county and State, in which house of ill-fame and prostitution prostitutes and lewd women were

then and there permitted to resort and reside for the purpose of plying their vocation as prostitutes."

A review of the evidence is not necessary. Suffice it to say that there was ample evidence to sustain the charge. A companion case is Rube Dollar, No. 5578, 86 Texas Crim. Rep., 333, 216 S. W. Rep., 1087, affirmed at the present term.

The complaint that there was error in permitting the State to cross-examine the husband of the appellant in matters not germane to the direct examination is not sustained by the record. He testified on direct examination that he did most of the housework because his wife was sickly and unable to do it; that she was sick most of the time. He testified giving the date and locality of his meeting and his marriage with his wife, and the cross-examination complained of developed the fact that she had been raised near San Angelo, and had been in Arizona and New Mexico. It was developed on cross-examination that the appellant was not ill all of the time; that she had no disease, but had undergone an operation for some trouble in her side. The trial court, it appears from the bill, instructed the jury to disregard these matters. They appear to us to have been germane to the direct examination; and even if they had not been so, they were harmless—at least the bill of exceptions wholly fails to suggest any specific manner in which they could have injured the appellant. Moreover, they are in accord with the testimony given by the appellant upon her direct examination.

The attorney for the State in the course of his argument remarked to the jury: "We want to get rid of such cattle as that," referring to the appellant. Considering the evidence in the record and the fact that the verdict assesses the lowest penalty, we think the argument, while not calculated to maintain the decorum which should pervade the courtroom, nor to sustain the dignity which should characterize the prosecuting officer, is not in the present case such as to authorize a reversal. Borrer v. State, 83 Texas Crim. Rep., 198, 204 S. W. Rep., 1006, and authorities referred to.

Fannie Doty, while testifying for the State, said that in May of the previous year she was staying at the McIntosh Hotel. State's counsel asked whether the appellant and her husband were in charge there, to which she gave an affirmative answer. The bill of exceptions fails to show why this was inadmisible, or in what respect it was hurtful. It says it was too remote to have any connection with the offense. From the statement of facts it appears that Fannie Doty was a prostitute, and it is the State's theory, supported by the evidence introduced by it, that knowing this fact the appellant induced her to become an inmate of the house which she was keeping, which the State's evidence discloses was a house of prostitution, and used for that purpose. The appellant testified that she had known Fannie Doty when she worked at the McIntosh

Hotel, and also admitted that she knew her to be a common prostitute, and that with such knowledge she permitted her to become an inmate of her house. That the bill under discussion discloses no harmful error would seem obvious.

Another complaint relates to testimony given by the witness Myrtle Potter, a prostitute who went to the State Hotel—which was the house occupied by appellant and her husband—and who registered at the hotel and occupied a room therein for the purpose of prostitution. The bill states that at the time Myrtle Potter registered the appellant was not present in the lobby of the hotel, but that her husband, Rube Dollar, showed the witness a room. It was permissible that the State prove that the house kept by appellant and her husband was made the resort of postitutes, and the bill discloses a circumstance legitimately available to the State to establish the character of the premises and the use to which they were put. The fact that the appellant was not present in the lobby at the immediate time that her husband—who was acting with her in maintaining the house of prostitution—assigned the witness Potter a room, would not, in our judgment, preclude the State from proving the fact. Clark v. State, 76 Texas Crim. Rep., 348, 174 S. W. Rep., 355; Sprague v. State, 44 S. W. Rep., 838.

The remaining bill of exceptions deals with the admissibility of testimony showing the character of persons that registered at the place kept by appellant, and while the bill is too meager to give any adequate information upon which to base a ruling adverse to that of the trial judge in admitting the testimony, which is presumed to have been correct, an examination of the statement of facts discloses that the cross-examination of the witness Morgan, which was referred to in the bill, developed none but relevant and admissible evidence.

There were special charges refused, but the main charge of the court, together with the several special charges given at the request of appellant, in our opinion fully and fairly submitted to the jury the issues involved.

The judgment of the trial court is affirmed.

*Affirmed.*