### CHARLEY HOUSER v. THE STATE.

No. 5807. Decided May 5, 1920.

#### 1.—Theft of Automobile—Evidence—Narration of Facts.

Upon trial of theft of an automobile, there was no error in permitting the State's witness to narrate the facts leading up to the recovery of the car, and the statement by the witness that he was certain that defendant was an automobile thief, which was promptly withdrawn from the jury, was no reversible error.

#### 2.—Same—Evidence—Cross-examination.

Where, upon cross-examination of the principal State's witness, who was asked how he came to recollect the date, to which the witness replied that he knew the attorneys would have an alibi framed up, which latter remark was promptly withdrawn from the jury and which was not harmful to the defendant, there was no reversible error.

3.—Same—Evidence—Bill of Exceptions.

In the absence of a ground of objection in the bill of exceptions as to what occurred at the police station, the same cannot be considered on appeal.

4.—Same—Evidence—Cross-examination.

Where defendant's attorney, on cross-examination of the chief State's witness, asked him whether he would swear that defendant stole the car, to which he replied no, that he believed he stole it, there was no reversible error; although question and answer were manifestly improper.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable Geo. E. Hosey.

Appeal from a conviction of theft of an automobile. Penalty: two years imprisonment in the penitentiary.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Tarrant County, for theft of an automobile, and his punishment fixed at two years confinement in the penitentiary.

It appears from the record that a man named Baker parked a new Ford car near a movie playhouse, in the city of Ft. Worth, about eight o'clock one night, and that shortly thereafter the same was taken. About nine, or nine-thirty o'clock on said night, Harry Hamilton, a detective in the office of the Criminal District Attorney, saw appellant and another party in possession of the car, driving out of the city of Ft. Worth, and in the direction of the home of appellant, who lived in Wise County. Mr. Hamilton recognized appellant, and started after him; and when opposite the car Hamilton spoke to appellant, and then drove on ahead, intending to stop and wait at some convenient place until appellant should come up, but appellant ran the car near the curb, and both parties therein hurriedly alighted and went down an alley. Mr. Hamilton carried the car to the police station, where it was turned over to Mr. Baker, the owner, some time about eleven or twelve o'clock that night. A few days later appellant was arrested, and charged with the theft. Upon his trial, his defense was an *alibi,* and his grandmother and his sister testified to the effect that he was not in Ft. Worth, but was in Wise County on the night of the theft. The State introduced other witnesses, who testified to seeing appellant in Ft. Worth on the same night the automobile was taken.

Several bills of exceptions were reserved to the testimony of Mr. Hamilton. In the first of these, complaint is made of statements appearing in Mr. Hamilton's narration of the facts leading up to the recovery of the car. This witness stated that when he saw appellant and the other party driving the car, he spoke to appellant, who nod-

ded, and witness then volunteered the statement that he thought he would stop him (meaning appellant), as he was certain he was an automobile thief. Appellant promptly objected to the last statement; and the court at once sustained the objection, and instructed the jury not to consider what this witness had said about thinking appellant to be an automobile thief. The statement made by the witness was not proper, but as the trial court sustained the objection, and instructed the jury not to consider it, we are unable to see what else could have been done, and do not think the matter presents reversible error.

By another bill, complaint is made of various matters, the only one worthy of consideration being the objection to a statement by Mr. Hamilton, who was asked upon cross-examination by appellant's attorney, what day it was that he saw appellant in possession of said car; to which he replied that it was on a Thursday. Thereupon, appellant's counsel asked him how he came to recollect these dates, and the witness replied, "Because I knew you lawyers would have an alibi framed up for him, and I fixed for it." Counsel for appellant objected to this statement, and reserved his bill of exceptions. Looking to the qualification upon said bill, we find that the trial court states that he promptly instructed the jury not to consider the said answer. This answer was manifestly improper, and not in response to the question, but as it was not the statement of any fact harmful to appellant, and as the court instructed the jury not to consider it, we do not think it such error as to necessitate a reversal of the case.

Appellant's bill of exceptions No. 3, contains his objection to a statement made by the witness Hamilton as to what occurred at the police station, when he went to report the finding of said car. No ground of objection is stated in this bill, and it is clear that the trial court could not know what the grounds of the objection were, and, therefore, properly overruled the general objection. The grounds of an objection should be stated in a bill of exceptions, in order to present error for review.

Appellant's fourth bill of exceptions is substantially the same as his second bill, which is above disposed of.

Bill of Exceptions No. 5 complains that while counsel for appellant was cross-examining witness Hamilton, this question was asked by him: "Do you swear defendant stole that car?" To which the witness answered, "No; I believe he stole it, but would not swear to it." Appellant asked the court to instruct the jury not to consider said statement. In our opinion the character of the cross-examination was manifestly improper. Neither the question nor its answer shed any legitimate light upon the issues before the court and jury, but the knowledge of the theft called for by the question, is so closely akin to the belief thereof given in the answer, that we think, if any error appeared, it would be held invited by the character of the query.

Finding no reversible error in this record, the judgment of the trial court is affirmed.

*Affirmed.*