Guss Lane v. The State.

No. 6108. Decided April 6, 1921.

1.—Murder—Bill of Exceptions—Evidence.

Where, the bill of exceptions did not show whether the rejected testimony was material or not, there was no reversible error.

2.—Same—Bill of Exceptions—Practice on Appeal.

Where, the bill of exceptions did not show that the question asked was answered, or what the answer would have been, the same cannot be considered on appeal.

3.—Same—Bill of Exceptions—Practice on Appeal.

Where, the bill of exceptions showed no fact to enable this court to determine, the character of testimony admitted, that it was in rebuttal or too remote, as complained of, same cannot be considered on appeal.

4.—Same—Bill of Exceptions—Practice on Appeal.

Where, the bill of exceptions did not show whether the witness answered the question or what answer he would have made, same presents no reversible error, and where the evidence sustained the conviction, there was no reversible error.

Appeal from the District Court of Leon. Tried below before the Honorable J. A. Platt.

Appeal from a conviction of murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*W. W. Caves,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted of murder and his punishment fixed at five years in the penitentiary.

No brief is on file for the appellant. The record shows no complaint against the correctness of anything transpiring upon the trial save four bills of exception to the reception of evidence.

Bill No. 1 shows that appellant, after stating that he stayed at his mother's a certain length of time, on cross-examination was compelled to answer the question, "Then where did you go?" to which he answered that he went to work for the Gulf Pipe Line Company near Houston. The only objection was that this was immaterial and irrelevant. Nothing further appears in the bill. We are unable to say whether same was immaterial and irrelevant or not, and hence no error is shown.

Bill No. 2 shows that after stating that he worked at Humble appellant was asked if he had seen Charlotte or Bamma since this trouble. The bill does not show that this question was answered, or what appellant's answer would have been. The district attorney then asked, as appears in said bill, if appellant did not know as a fact that they were down there. He answered, "I heard they were down there." No ground of the objection to this last question appears in the bill, and, therefore, nothing is presented to us in this bill which indicates error.

Bill No. 3 shows that the sheriff of Leon county was testifying in rebuttal for the State, and said that on Sunday after the homicide he found a bullet in a rafter in the east end of the house, to which an objection was made that it was not in rebuttal, and was too remote. There are no facts stated in the bill to enable us to determine whether same was in rebuttal or too remote. The mere fact that a bullet was found in a rafter the Sunday after the killing would not necessarily make it too remote.

Bill No. 4 shows that Lila Dixon, in rebuttal testimony for the State, was asked if appellant went down there, and Charlotte was standing up in front of the fire place and appellant went in and put his arm around her. This was objected to on the ground that there was no predicate laid for that kind of impeachment. Whether the witness answered this question, or what answer she would have made, is not shown by the bill, which proceeds to state that the further question was then asked this witness if appellant said to her when he put his arm around her, "Girl, what does this mean, are you trying to start something?" and that the witness Dixon answered, "Yes." No ground of any objection to the last question is stated, and in its form here the bill presents no error.

This court has often laid down the requisites for bills of exception, in addition to those contained in the statute, and unless same show what the answers of witnesses were, we will not understand that answers were made; and if it is stated that objection was made, but no ground of objection appears, we cannot presume or infer that any were stated, and cannot consider such bill. These are the only errors complained of. The jury passed on the facts, which show that appellant shot and killed one Seldon Douthitt, and they fixed his punishment as stated. No complaint is made of the sufficiency of the evidence.

Finding no error in the record the judgment will be affirmed.

*Affirmed.*