## SOL MITCHELL v. THE STATE.

### No. 7329. Decided March 28, 1923.

**1.—Manufacturing Intoxicating Liquor—Bill of Exceptions—Other Transactions—Presumption.**

In the prosecution for the manufacture of intoxicating liquor, there are many conditions which might arise rendering the proof of sale of whisky relevant and material, and in the absence of any reasons stated in the bill of exceptions as to why such proof was not admissible, the legal presumption is in favor of its admission by the trial court.—Following Brown v. State, 83 Texas Crim. Rep., 451, and other cases.

**2.—Same—Evidence—Practice on Appeal.**

Where defendant objected to certain evidence and the court sustained the objection, there is nothing to review.

**3.—Same—Bill of Exceptions.**

Where the bill of exceptions is silent touching any predicate for impeachment purposes, and moreover fails to reveal any facts showing the materiality of the testimony, there is no error.

Appeal from the District Court of San Jacinto. Tried below before the Hon. J. L. Manry.

Appeal from a conviction of the unlawful manufacture of intoxicating liquor; penalty, one year imprisonment in the penitenitary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The offense is the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

A recital of the evidence is deemed unnecessary. It is sufficient to support the conviction.

Three bills of exception are found in the record. In one it is recited that a witness testified that he had bought whisky from the appellant on a certain occasion named. The surrounding facts are not given, nor does the bill reveal the nature of the objection urged against the admission of the testimony. In a prosecution for the manufacture of intoxicating liquor, there are many conditions which might arise rendering the proof of sale of whisky relevant and material; for instance, to show the purpose for which the liquor was made. Under such circumstances the legal presumption is in favor of the correctness of the trial court's ruling, and the accused must, by the facts in his bill of exceptions, overcome such presumption. Brown v. State, 83 Texas Crim. Rep. 451; Vernon's Tex. Crim. Stat. Vol. 2, p. 543, note 29; Dollar v. State, 86 Texas Crim. Rep. 398. It is essential also that where there is complaint made of the receipt in evidence which might under some circumstances be admissible, that the bill show the objection urged against it. Davis v. State, 14 Taxas Crim. App. 645; Bowen v. State, 72 Texas Crim. Rep. 408 and other cases listed in Vernon's Tex. Crim. Stat., Vol. 2, p. 543. See also Houser v. State, 87 Texas Crim. Rep. 296; Alexander v. State, 82 Texas Crim. Rep. 431; Mirick v. State, 83 Texas Crim. Rep., 388; Lane v. State, 89 Texas Crim. Rep., 140, 229 S. W. Rep. 547.

In Bill No. 2. it is shown that the witness was asked if he had stopped at the house of the accused on Saturday night. In reply he stated that he had stopped there and that he saw appellant's wife. State's counsel inquired what was said to her. At this point appellant's counsel said: "We object to that," and the court sustained the objection.

In Bill No. 3 complaint is made of the rejection by the court of proof of a declaration of Isom Harrison in the presence of the witness McComb. The bill creates the inference that this was offered for the purpose of impeachment. However, the bill is silent touching any predicate for the impreachment and moreover, it fails to reveal any facts showing the materiality of the testimony.

The two bills last discussed are subject to the same faults pointed out in the first bill.

Finding no error, the judgment is affirmed.          *Affirmed.*