## JOSE REYNOSA v. THE STATE.

No. 9258. Delivered May 20, 1925.

**1.—Possessing Intoxicating Liquor—Continuance—Illness of Attorney—Properly Refused.**

Where a motion for a continuance was made on account of the illness of appellant's attorney, and it appears from the record that his said attorney was present and conducted the trial in his behalf, no error is presented.

**2.—Same—Evidence—Properly Admitted.**

Where the state was permitted to prove by the officers what they saw, heard and found in the house where the appellant was arrested, no error is presented, notwithstanding that the officers did not have a search warrant. Following Welchek v. State, 93 Tex. Crim. Rep. 271 and Harris v. State, 93 Tex. Crim. Rep. 349.

**3.—Same—Evidence—Res Gestae—Properly Admitted.**

It was not error to permit the state to prove that a Mexican woman, who owned the house in which appellant was arrested, delivered a paper sack to a Mexican, which proved to contain a pint of whisky. Said act was res gestae, and properly admitted.

**4.—Same—Special Charges—Covered by Main Charge—Properly Refused.**

Where a special charge does not correctly present the law of the case, and the issue sought to be presented in such charge has been fully covered in the main charge; it should be refused.

**5.—Same—Validity of Liquor Laws—Held Constitutional.**

This court has repeatedly *held* that the act of the Legislature in making possession of more than a quart of intoxicating liquor prima facie evidence that such possession was for the purpose of sale to be constitutional. Following Newton v. State, 267 S. W. 272, Stoneham v. State, 268 S. W. 156.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. C. W. Robinson, Judge.

Appeal from a conviction of unlawful possession of intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Leppir* and *Insirilio,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was charged and convicted in the district court of Harris County for unlawfully possessing intoxicating liquor for the purpose of sale, and his punishment assessed at one year's confinement in the penitentiary.

The testimony of the state is to the effect that a mexican was seen coming out of the room where appellant was arrested, with a pint of whisky. was found, and also three pints of whisky were found in a sale of a drink of whisky to one A. C. McDaniel and receiving the money therefor, and upon search of the room a half gallon jar of whiskey was found, and also three pints of whiskey were found in said room, which the appellant claimed at said time to be his. The appellant as a witness in his own behalf, denied receiving the money from the said McDaniel, but admitted that he gave him a drink of whisky, and claimed that the whisky found by the officers belonged to another mexican who had given him permission to treat his friends therewith. This in brief, was the testimony introduced upon the trial of this case.

Bill of exceptions No. 1 complains of the action of the trial court in refusing to continue the case for him on account of the alleged physical inability of his attorney to represent him. This bill as explained by the court shows that said attorney was present and participated in the entire trial of the case. Under these circumstances, there could be no error committed in this particular.

The appellant complains in his bills of exception to the action of the court in permitting the officers to testify relative to what they saw, heard and found in the house where the appellant was arrested, because of the alleged unlawful entry and seizure, and in effect because said officers didn't have a search warrant. The attorney for the appellant in his brief, admits that the law of this state is against his contention, but in effect seeks to have this court make an exception in his case. We fail to see anything in this case which would require the court to overrule the decisions heretofore rendered, establishing a contrary doctrine in this particular Welchek v. State, 93 T. C. R. 271; Harris v. State, 93 T. C R. 349.

Complaint is made to the action of the court in permitting the state's witness Ditto to testify to having seen a mexican receive a paper sack from a woman which proved to contain a pint of whisky and to having seen said mexican hand the woman something when he received said paper sack just as he was leaving the room where appellant was arrested, because same was hearsay acts and declarations. We are unable to agree with this contention, as the testimony developed that this woman owned the house and the appellant had rented the room he was then occupying from her where the whisky was found and because we think that said transaction was a part of the *res gestæ* and was admissible.

There is further complaint made in this case in bill of exception No. 4, because the officers when they seized the whisky, did not give the appellant a receipt for same. The bill does not show or

attempt to show, and we cannot see in what manner this would affect the issues upon the trial of this case. Austin v. State, 97 Cr. App. 360.

Complaint is made at the refusal of the court to give to the jury the defendant's special charge to the effect that in order to convict the defendant: "It must be proved by proper evidence that the intoxicating liquor in one's possession, as set out in the statute and if otherwise possessed, you will acquit him". The court in his general charge covered this phase of the case which avoided the necessity of charging again, as requested, and in fact, it would have been improper to have given the special charge under the circumstances, and it would have magnified this issue before the jury to have done so.

The defendant complains of the action of the court, because the court charged the law relative to having more than a quart of intoxicating liquor in one's possession, as set out in the statutes because it is contended that said act of the Legislature in making possession of more than a quart of whisky *prima facie* evidence of guilt, unconstitutional. This court in many decisions has overruled this contention made by the appellant. Newton v. State, 267 S. W. 272; Stoneham v. State, 268 S. W. 156.

We have carefully examined all the assignments of error set out by the appellant in his brief and are of the opinion that the record shows that he has received a fair and impartial trial and the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.