MAY EASTON v. THE STATE.

No. 10912. Delivered June 15, 1927.

Rehearing denied October 26, 1927.

**1.—Murder—Bill of Exceptions—Incomplete—Not Considered.**

Where bills of exceptions do not sufficiently recite the specific grounds, which form the basis of appellant's objections, they will not be considered A general objection is insufficient to bring the matter forward for review. See Sanchez v. State, 233 S. W. 982; Houser v. State, 222 S. W. 240; Reynolds v. State, 274 S. W. 974.

**2.— Same — Requested Charges — Covered by Main Charge — Properly Refused.**

Where, as in the case before us, the issues presented in requested charges have been fully and correctly presented in the court's main charge, it is proper practice to refuse the requested charges.

**3.—Same—Argument of Counsel.**

Where, in his closing argument, the special prosecutor used the fol-

lowing language, "That the defendant, May Easton, was sitting on the steps of a house of prostitution," was fairly deducible from the evidence, and was not improper.

### ON REHEARING.

**4.—Same—Bills of Exception—Incomplete—No Error Presented.**

Where a bill of exception complaining of argument of counsel fails to affirmatively certify that no testimony was before the jury upon which such argument could be predicated, such bill is incomplete. Not only must the bill show the grounds of objection, but it must go further, and certify such grounds to be facts. See Cavanar v. State, 99 Tex. Crim. Rep. 446, and other cases cited on rehearing.

Appeal from the District Court of Galveston County. Tried below before the Hon. C. G. Dibrell, Judge.

Appeal from a conviction of murder, penalty five years in the penitentiary.

The opinion states the case.

*Elmo Johnson* of Galveston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney; *D. B. MacInerney,* County Attorney of Galveston County, for the State.

BETHEA, JUDGE.—The appellant was convicted of the offense of murder, and her punishment assessed at five years in the penitentiary.

The instrument with which deceased was killed was a knife in the hands of Olivia Matthews. The testimony of Maudell Jones shows there was a difficulty between Maudell Jones and Olivia Matthews on the night preceding the killing and that the deceased, Estelle Reado, and appellant were both present at that time. The killing occurred in the early part of the night; the moon was shining brightly. Appellant and Olivia Matthews were sitting on the steps of a house with the witness Parlee Butler as the deceased and Maudell Jones approached. Olivia Matthews and the appellant jumped up off the steps and went toward deceased and Maudell Jones. Olivia Matthews was armed with a knife and appellant with a pistol. Some words passed between the parties. Appellant told deceased that she, appellant, would not allow deceased to do anything. Appellant urged Olivia Matthews to go on and fight, at which time appellant had a gun in her hand pointed toward deceased, who had her hands up. While deceased had her hands up, Olivia Mat-

thews cut her with a knife several times.  In about five or ten minutes deceased was carried to the hospital in an ambulance, where she died within a few minutes after her arrival.

The learned trial judge gave a very able charge to the jury on murder, manslaughter, and aggravated assault, and a special charge on circumstantial evidence, which charge covered every issue raised by the evidence.

The court properly refused appellant's two special charges, same being fully covered by the main charge.

We find in the record two unnumbered bills of exception complaining of the argument of the Assistant County Attorney, wherein he said:

"May Easton, the defendant, grabbed the deceased by her hand and threw a gun in her face.

"May Easton held Estelle Reado by the hand while Olivia Matthews cut her."

We are unable to consider these two bills of exception.  The bills do not sufficiently recite the specific grounds which form the basis of appellant's objection.  A general objection is insufficient to bring the matter forward for review.  Sanchez v. State, 233 S. W. 982; Houser v. State, 222 S. W. 240; Reynolds v. State, 274 S. W. 974.

Appellant's bill of exception No. 1 complains of the action of the learned trial judge in refusing to instruct a verdict of "not guilty."  We are not in accord with appellant's contention, the facts being amply sufficient to warrant the court in submitting the issues to the jury.

Bills of exception Nos. 2 and 3 complain of the refusal of the court to give special charges Nos. 1 and 3.  The court in his main charge ably and fully charged the law applicable to the facts, and we do not think the court erred in refusing to give said special charges.

Bills of exception Nos. 4 and 5, as qualified by the learned trial judge, present no error.

Bill of exception No. 6 complains of the closing argument of the special prosecutor, wherein he used the following language:

"That the defendant, May Easton, was sitting on the steps of a house of prostitution."

In our opinion, the argument was clearly within the record. However, the learned trial judge instructed the jury to disregard the remarks, and further instructed them that if they found appellant was sitting on the steps of a house of prostitution, they should not allow that fact to influence their verdict in any way.  This bill presents no error.

Finding no errors in the record, and the facts being sufficient to support the verdict, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant urges that we were wrong in holding that her bills of exception complaining of argument of the District Attorney present no error. She argues in her motion for rehearing that the evidence did not justify state's counsel in making the argument complained of. The bills do not certify that no testimony was before the jury upon which such argument could be predicated; they only show that appellant "objected" to the argument. No ground of objection is stated, but if the ground of objection had been stated to be that no evidence supported the argument it would not have been equivalent to a certificate of such fact but would have been a ground of objection only. Cavanar v. State, 99 Tex. Crim. Rep. 446, 269 S. W. 1053; Whitehead v. State, 61 Tex. Crim. Rep. 558, 137 S. W. 356. (For collation of many authorities, see Sec. 209, Branch's Ann. Tex. P. C., and note 21, p. 537, Vol. 2, Vernon's 1916 Criminal Statutes.)

Appellant's motion for rehearing is overruled.

*Overruled.*