## Charlie Young v. The State.

No. 11617.   Delivered October 24, 1928.
Rehearing denied November 28, 1928.

18

The opinion states the case.

*Kirby, King & Overshiner,* of Abilene for the appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession for the purpose of sale of intoxicating liquor; penalty, two years.

Officers observed appellant coming from his private residence to his car with a box under his arm. Apprehending appellant, they discovered that the box contained four half-gallon fruit jars of whisky. Appellant was a negro and another of his race was in the car with appellant. When the officers blocked appellant's way with their car, he reversed his car and was again blocked by the officers before being arrested. Appellant introduced no testimony. It is vigorously contended that the evidence is insufficient. It is especially contended that possession was not sufficiently shown and that if the evidence is sufficient to show possession, it is entirely insufficient to show possession for the purpose of sale. The suggestion is made that it nowhere appears that either the car or the house belonged to appellant. The officers referred to them as "his car" and "his residence," and no issue was made of this.

"The proof of ownership in the trial of a criminal case does not contemplate an inquiry concerning in whom the legal title is reposed. It was enough to prove that the property was in the possession of the appellant; that it was under his care, management and control, at the time the whisky was found upon the premises." Hubbard v. State, 94 Tex. Crim. Rep. 486.

The above evidence is within this rule and sufficiently answers the contention that no sufficient proof of possession was shown. Regarding the proof as to the purpose for which he possessed it, Art. 671, P. C., makes the possession of more than one quart of intoxicating liquor prima facie evidence of guilt. Appellant contends, however, that it is not shown by any fact or circumstance that the whisky was possessed for the purpose of sale. We regard the attendant circumstances as meagerly suggesting that appellant had the whisky for an unlawful purpose. Regardless of this, however,

we think the terms of Art. 671, P. C., foreclose this matter against appellant. This article has been held valid many times. Stoneham v. State, 99 Tex. Crim. Rep. 54; Reynosa v. State, 100 Tex. Crim. Rep. 218; Newton v. State, 98 Tex. Crim. Rep. 582. Appellant was found in possession of four half-gallon fruit jars of whisky and the attendant circumstances do not suggest that it was possessed for a lawful purpose. If the above article of the statute means what it says, this evidence was sufficient to support a conviction.

It was said in Raymond v. State, 106 Tex. Crim. Rep. 147, that the proof of the possession of intoxicating liquor in an amount beyond a quart makes out a prima facie case of guilt, which is sufficient to overcome the presumption of innocence and to support a verdict of guilty. See also Harry v. State, 102 Tex. Crim. Rep. 124.

In those cases cited by appellant where the evidence has been held insufficient for a lack of evidence showing that the whisky was possessed for the purpose of sale, it will be found, we think, upon close examination that the attendant facts and circumstances were such as to affirmatively raise a reasonable doubt as to whether it was possessed for such purpose.

Complaint is made of the following paragraph of the Court's charge:

"Wherever possession for the purpose of sale is made unlawful the possession or proof of possession of more than one quart of intoxicating liquor shall be prima facie evidence of guilt; but the person charged shall have the right to introduce evidence showing the legality of such possession, but the possession of one quart or less would not raise such presumption."

This is the language of Art. 671, P. C., except the last clause, against which appellant particularly directs his attack. This is but a statement of the converse of the language of the statute and we do not think it could have injured appellant. We are inhibited by Art. 666, C. C. P., from reversing any case for an error in the charge, "unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial." It was unnecessary to add the last clause and same should have been omitted, but we do not believe it could have possibly operated to injure appellant.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files a motion for rehearing which evidences thought and research, seeking to have us hold that the statute (Art. 671 P. C.), making proof of possession of mash, or a still, or of more than one quart of intoxicating liquor, prima facie evidence of guilt,—is in conflict with Art. 705 C. C. P., which gives to every person accused of a crime the presumption of innocence until his guilt is established by legal evidence beyond a reasonable doubt; and also with Art. 706 C. C. P., which makes the jury in all cases the exclusive judges of the facts proved and of the weight to be given to the testimony, etc. However, appellant fails to take note in his motion of the latter part of said Art. 706, which proceeds:

"Except where it is provided by law that proof of any particular fact is to be taken as either conclusive or presumptive proof of the existence of another fact, or where the law directs that a certain degree of weight is to be attached to a certain species of evidence."

It is interesting to note that Arts. 705 and 706, supra, were enacted at the same time and written into our earliest Code of Criminal Procedure, and that from the beginning in this State it was evidently contemplated that the Legislature might make laws giving certain weight to certain facts when proved, and making proof of certain facts either conclusive or presumptive proof of some other fact.

This is an exact comprehension of Art. 671, supra, wherein it is provided that proof of the possession of more than one quart of intoxicating liquor, shall be prima facie evidence of guilt. The interpretation placed on this by the courts of this State is that thus by statute such proof is declared sufficient to overcome the presumption of innocence in the absence of other proof which may show or explain that such possession is under some of those phases of the law which allows one to possess intoxicating liquor. We might observe here that the giving of this law in charge in nowise frees the trial court from the necessity of giving in charge to the jury also the law of the presumption of innocence applicable to the whole case, including the proof of possession relied on.

We have examined appellant's motion and note his citation of authorities, but this court went over the same ground in Floeck's

case, 34 Texas Crim. Rep. 314, which has been uniformly followed since. We deem it unnecessary to repeat what was there said. We do not find anything in Walden v. State, 100 Texas Crim. Rep. 584, which departs from or even questions the conclusions announced in the Floeck case, supra. In the Walden case it appeared that the trial court pointedly told the jury in his charge that if they found that the accused knowingly had in his possession more than a quart of whisky, they should find him guilty. This instruction is beyond the purview of Art. 671, supra. Our Legislature did not say in said article that proof of possession of more than a quart of intoxicating liquor was conclusive evidence of guilt, but that it was merely prima facie evidence. We have not before us the facts in the Walden case, supra, but those in the instant case show that no effort was made on the part of the defense to meet and overcome the prima facie case made by the State in proving appellant's possession of four gallons of whisky on the occasion in question. No proof was introduced that he had it for any purpose allowed by statute. The case made was sufficient to meet the demands of the law.

The motion for rehearing will be overruled.

*Overruled.*