A. L. COPE v. THE STATE.

No. 14283.   Delivered May 20, 1931.
Rehearing Denied June 17, 1931.

The opinion states the case.

*Samuel K. Wasaff,* of Midland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

Operating under a search warrant, officers went to a filling station for the purpose of making a search for intoxicating liquor. As they entered the building, appellant came out of the door with two half-gallon fruit jars full of whisky. The officers also found a half pint of whisky in a back room of the house. Appellant offered no testimony.

The court charged the statute making possession of more than a quart of intoxicating liquor prima facie evidence of possession for the purpose of sale, and defined the term "prima facie evidence". In his argument to the jury the district attorney referred to the fact that the statute makes the possession of more than a quart of intoxicating liquor sufficient evidence to establish a fact unless rebutted and explained. Appellant objected to the argument and the objection was overruled. It is stated in the bill of exception that the argument was injurious for the reason that it amounted to a reference to the failure on the part of appellant to take the stand and testify in his own behalf. Unless this reason be taken as a statement of the ground of objection, there is nothing in the bill of exception to indicate that appellant objected to the argument on the ground that it constituted a reference to his failure to testify. To be sufficient a bill of exception bringing forward an objection to an argument must disclose the grounds of the objection. Texas Jurisprudence, vol. 4, page 395; Easton v. State, 107 Texas Crim. Rep., 676, 298 S. W., 594; Bryan v. State, 109 Texas Crim. Rep., 32, 2 S. W. (2d) 846. Treating as a ground of objection the statement that the argument was injurious because amounting to a reference to appellant's failure to testify, it is observed that there is nothing in the bill of exception supporting such ground of objection. A mere statement in a bill of exception of a ground of objection is not a certificate on the part of the trial judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. Buchanan v. State, 107 Tex. Crim. Rep., 559, 298 S. W., 569. If the bill should be held to be sufficient to bring forward for review the matter complained of, the opinion is expressed that the language used by the

district attorney was not a reference to appellant's failure to testify. It was no more than a reference to the definition of the term "prima facie evidence" as embodied in the charge of the court.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The following is the declaration of counsel to which reference is made in the original opinion:

"The Legislature of the State of Texas, in which you gentlemen have representation, so declared that is the law and has declared that more than one quart is ample evidence to prove conclusively that it was for the purpose of sale, conclusively, unless rebutted and explained, conclusive evidence when it stands alone and unrebutted."

The sole point made against the argument is the claim that it is an indirect reference to the failure of the appellant to testify in his own behalf, therefore violative of article 710, C. C. P. From the bill, it appears that at the time of his arrest there were no persons present save the officers who testified in behalf of the state, the appellant (A. L. Cope) and his brother (M. K. Cope). M. K. Cope was under indictment for the same offense. His testimony was not available to the accused. The action of the court in failing to dismiss the indictment against M. K. Cope is not before the court for review; nor does it appear that M. K. Cope was tendered by the appellant as a witness nor that he would have given testimony explaining the purpose for which the appellant possessed the liquor. It is not shown by averment or certificate of the trial court that there were no other means available to the accused to explain the purpose for which he possessed the liquor in question.

The applicable rule is thus stated:

"The statute is not shown to have been infringed, however, by disclosing that counsel, in argument, used language which might be construed as an implied or indirect allusion to the failure of the accused to testify. To come within the prohibition the implication must be a necessary one, that is, one that cannot reasonably be applied to the failure of the accused to produce other testimony than his own. Where there is other evidence, or the absence of other evidence to which remarks may reasonably have been applied by the jury, the statute is not transgressed." (Boone v. State, 90 Texas Crim. Rep., 377.)

In making the remarks, counsel did not offend against the statute.

However, we are not to be understood as approving the language used in the argument.

"Conclusive" has been judicially interpreted as "decisive; irrefutable; uncontrovertible." State v. Brandenberger, 130 N. W., 1065, 151 Iowa, 197; State v. Kaufman, 108 N. W., 246, 20 S. D., 620; In re Woodruff, 76 Atl., 294, 83 Conn., 330; Covington County v. Fite, 82 So., 308, 120 Miss., 421. There is a fundamental difference between "conclusive evidence" and "prima facie evidence". The Legislature has not undertaken, in article 671, P. C., to declare that proof that one possesses more than a quart of intoxicating liquor is *conclusive evidence* that the liquor is possessed for the purpose of sale. It is made *prima facie evidence,* that is, evidence which, if believed by the jury, will warrant them in concluding that the liquor is possessed for sale. The decision of the effect of the testimony is for the jury to make, guided by the charge of the court, and keeping in mind their power of passing on the credibility of the witnesses, the weight of the testimony and the presumption of innocence. Wigmore on Evidence, 2nd Ed., vol. 2, page 1057.

In the present case, the evidence of the possession of more than a quart of intoxicating liquor is definite and undisputed, and the instructions given the jury by the court are not subject to exception, but are in accord with the interpretation of article 671, P. C., relating to "prima facie evidence", as shown in many of the decisions of this court. Among them are Newton v. State, 98 Texas Crim. Rep., 582, 267 S. W., 272; Stoneham v. State, 99 Texas Crim. Rep., 54, 268 S. W., 156; Reynosa v. State, 100 Texas Crim. Rep., 218, 272 S. W., 452, and other cases collated in Vernon's Ann. Tex. P. C., 1925, under art. 671, p. 471-472, and the 1930 Supplement thereto, page 46. See also Louis v. State, 102 Texas Crim. Rep., 440; Jackson v. State, 103 Texas Crim. Rep., 258; Johnson v. State, 112 Texas Crim. Rep., 528; Ratliff v. State, 25 S. W. (2d) 343.

The motion for rehearing is overruled.

*Overruled.*