Vernon BROWN and Charles Ray Burton, Appellants,

v.

The STATE of Texas, Appellee.

No. 44360.

Court of Criminal Appeals of Texas.

Dec. 14, 1971.

Rehearing Denied Feb. 16, 1972.

Bob C. Hunt, Houston, for Vernon Brown.

Buddy Stevens, Houston, for Charles Ray Burton.

Carol S. Vance, Dist. Atty., James C. Brough and Don Lambright, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The appellants were jointly indicted, tried and convicted for the offense of rob-

bery by assault. The punishment for Brown, thirty years and for Burton, fifteen years.

The sufficiency of the evidence is not challenged by either appellant. Armed with weapons, the appellants placed the manager of a shoe store in fear for his life and of bodily injury and took from him $80 to $90 in money, a watch and a pair of shoes.

The appellant Brown raises only one ground of error; that is: "The court committed reversible error by not granting appellant's motion for mistrial after the district attorney's comment of the appellant's failure to testify."

Brown complains that during the final argument of the prosecutor, the following comment was made: "Brown has been in jail all this time. He didn't have an alibi." We will quote a portion of the prosecutor's argument to place this statement in context:

" . . . Now it comes to the charge on alibi and the Judge instructs you on the definition of alibi. Alibi means, I guess, just about what we ordinarily think of it as. You have seen places like My Alibi Bar or something like that. I was somewhere else when that happened. That's just about what it means. I was somewhere else when that happened. I called Mr. Butler to testify. Mr. Butler testified that he came over and woke him up and stayed all afternoon and left some time later that afternoon. It's a little thing, just a little thing, but Mr. Butler said I never talked to that lawyer, just a little thing, but he said I never talked to that lawyer. Why would he want to hide it from us that he ever talked to the lawyer? And then Jackson got up here and said sure, I talked to that lawyer. I talked to him and I know he talked to him. Just a little thing, but he lied about that. And you know this defendant Burton has been out on bond all this time and he had an alibi. Brown has been in jail all this time. He didn't have an alibi."

At this point, defense counsel for Brown made a general objection, sustained by the trial court. Defense counsel then asked that the jury be removed so that he could make a motion. This was overruled. Defense counsel, still without stating any grounds, moved for a mistrial and this was overruled. Although defense counsel was sustained in his first objection, he did not at any time thereafter, ask the court to instruct the jury to disregard any portion of the argument. He did not advise the court of the grounds or reason for his objection or the motion for a mistrial. However, even if counsel had based his objection and motion for mistrial upon the same grounds he now urges, there would have been no error shown. We will discuss his contention.

■ In determining whether a prosecutor's argument is error, it is necessary to view the argument from the jury's standpoint. Holbert v. State, 457 S.W.2d 286 (Tex.Cr.App.1970).

■ The most logical meaning of the argument appears to be that Burton had had an opportunity to contrive an alibi defense while free on bond and that Brown had been incarcerated, was not free on bond and by contrast had not presented an alibi defense.

■ The argument is not a direct comment on Brown's failure to testify. Even if it is conceded that the language used might be construed as an implied or an indirect allusion to the failure of the accused to testify, it would not come within the prohibition of the statute (Art. 38.-08, Vernon's Ann.C.C.P.). To come within the prohibition, the implication must be a necessary one; one that cannot reasonably be applied to the failure of the accused to produce other testimony than his own. Where there is other evidence, or the absence of other evidence, to which remarks may reasonably have been applied by the jury, the statute is not transgressed. Alvear v. State, 170 Tex.Cr.R.

378, 341 S.W.2d 426 (1960); Cope v. State, 118 Tex.Cr.R. 232, 39 S.W.2d 891 (1931) and Boone v. State, 90 Tex.Cr.R. 374, 235 S.W. 580 (1921).

The only case cited and relied upon by Brown is Brumfield v. State, 445 S.W.2d 732 (Tex.Cr.App.1969), which does not support his contention. No error is shown.

█ The appellant Burton urges as his sole ground of error, "The trial court erred when it ruled that the appellant was not allowed to take Officer Jimmy H. Jones on voir dire examination outside the presence of the jury." He now argues he should have been permitted to question Officer Jones on voir dire examination outside the presence of the jury to determine whether Jones' opinion as to appellant's reputation was based solely on discussions of the alleged offense for which Burton was on trial.

At the time that counsel requested voir dire examination of the witness, he did not advise the trial court as to his reasons for or the purpose of the requested voir dire examination. Furthermore, the record does not demonstrate that Burton was harmed by the refusal of the requested voir dire examination of Jones. As was said in Wilson v. State, 434 S.W.2d 873 (Tex.Cr.App.1968), "Nothing in the record before us shows, however, that [Jones'] testimony as to appellant's reputation was based solely on the [robbery] charge here involved." Neither the cases of Stephens v. State, 128 Tex.Cr.R. 311, 80 S.W.2d 980 (1935); Wilson v. State, supra, nor the concurring opinion of Broadway v. State, 418 S.W.2d 679 (Tex.Cr.App.1967), cited by the appellant, support his position. Cf. Pogue v. State, Tex.Cr.App., 474 S.W.2d 492 and Frison v. State, Tex.Cr.App., 473 S.W.2d 479.

The judgment of each appellant is affirmed.

Opinion approved by the Court.

ODOM, J., not participating.