## W. F. Stoneham v. The State.

### No. 8580.  Delivered Jan. 14, 1925.

#### No motion for rehearing filed.

**1.—Possessing Intoxicating Liquor, For the Purpose of Sale—Validity of Statute.**

The validity of the statute upon which this charge is based, namely Sec. 2e., Chap. 22, Acts of the 38th Leg., 2nd called session, is challenged upon the ground that it offends against several provisions of the Constitution, among them being Sec. 19, Art. 1, and Sec. 10, Art. 1, of the Bill of Rights, and Sec. 15, Art. 1, of the State Constitution.  The validity of the statute was upheld, in the case of Newton v. The State, No. 8459 not yet reported.  For the reasons given in the opinion in that case the present contention must be overruled.

**2.—Same—''Prima Facie''—Meaning of the Term.**

The meaning of the term "prima facie," as used in this statute, is interpreted in the Floeck case, in the syllabus in these words:

"Prima facie" evidence is merely proof of the case upon which the jury may find a verdict, unless rebutted by other evidence.  In other words, prima facie evidence is not conclusive, but such as may be overcome by evidence to the contrary; and such evidence is to be weighed together with the other evidence, and in connection with the reasonable doubt and presumption of innocence, which obtain in all criminal cases.

Appeal from the Criminal District Court of Harris County.  Tried below before the Hon. C. W. Robinson, Judge.

Appeal from a conviction for possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

*Frank Williford, Jr.,* of Houston, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—Possession of intoxicating liquor for the purpose of sale is the offense; punishment fixed at confinement in the penitentiary for one year.

There was found upon the premises of the appellant a quantity of intoxicating liquor.

The theory of the defense that the possession was for medicinal purposes was presented to the jury.

An exception was reserved to the charge of the court upon the ground that it embraced an instruction that under the law the possession of more than one quart of intoxicating liquor is prima facie evidence of guilt, but that the defendant was entitled to introduce evidence showing that he had the intoxicants in his possession for a legal

purpose. The validity of the statute upon which this charge is based, namely, Sec. 2e, Chap. 22, Acts of the 38th Legislature, Second Called Session, is challenged upon the ground that it offends against several provisions of the Constitution, among them being Sec. 19, Art. 1, and Sec. 10, Art. 1 of the Bill of Rights, and Sec. 15, Art. 1, of the State Constitution. The validity of the statute was upheld in the case of Newton v. State, No. 8459, not yet reported. For the reasons given in the opinion in that case the present contention must be overruled. The cases of Floeck v. State, 34 Texas Crim. Rep., 314, and O'Brien v. State, 90 Texas Crim. Rep., 276, to which reference is made in the Newton case, supra, are analogous.

In the present case, the right of the accused until his guilt is established by legal evidence beyond a reasonable doubt was carefully guarded, and in addition thereto, the jury was informed that the burden of proof was upon the State.

The meaning of the term "prima facie" evidence was considered by the court and quotations given from the decisions of other states interpreting that phrase in Floeck's case, supra. The reasoning of the court and citation of authority is condensed in the syllabus in these words:

" 'Prima facie' evidence is merely proof of the case upon which the jury may find a verdict, unless rebutted by other evidence. In other words, prima facie evidence is not conclusive, but such as may be overcome by evidence to the contrary; and such evidence is to be weighed together with the other evidence, and in connection with the reasonable doubt and presumption of innocence which obtain in all criminal trials."

See also Words & Phrases, 2nd Series, p. 1174; State v. Adams, 22 Idaho Rep., 485; Chaffee v. United States, 18 Wall. 516, and annotations in Rose's Notes on U. S. Rep., Revised Ed., Vol. 8, p. 317. Thus interpreted and applied, such statutes have often been held valid. See State v. La Pointe, 123 Atl. Rep., 692; Amer. Law Rep., Vol. 31, p. 1212 and notes, p. 1222.

In the present instance there was no exception to the charge because of the omission of an instruction explaining the meaning of the term "prima facie" evidence, nor was such instruction requested. Had such instruction been desired by appellant, doubtless it would have been given.

There is no legal ground presented for a reversal of the judgment. It is therefore affirmed.

*Affirmed.*