## Lem Walden v. The State.

### No. 8776.   Delivered May 6, 1925.

**1.—Possessing Intoxicating Liquor—Charge of Court—Purpose of Sale—Error to Omit.**

Where on a trial for possession of intoxicating liquor, for purpose of sale, it was error for the court to fail to instruct the jury that they must find beyond a reasonable doubt, that the possession was for the purpose of sale, notwithstanding that the evidence established the possession of more than one quart.

**2.—Same—Continued.**

It was held by this court in the case of Petit v. State, 90 Tex. Crim. Rep. gallons of whisky in bottles in appellant's car, which was standing on the Notwithstanding the statute, and the uniform holding of this court, since and that the question of the purpose of such possession must be submitted to the jury in the charge of the court.  See also Veasey v. State, 260 S. W. 1055, and other cases cited.

**3.—Same—Continued.**

While our law makes the possession of more than a quart of intoxicating liquor prima facie evidence that the possession was for the purpose of sale, the law does not make such possession conclusive.  It may be rebutted, or such possession may come within one of the exemptions of the statute, and in all cases it is a question for the jury to determine, under appropriate instructions whether or not the possession was for the purpose of sale.  Following Stoneham v. State, 268 S. W. 156 and other cases cited.

**4.—Same—Bills of Exception—Insufficient.**

Numerous bills of exceptions appear in this record which fail to set out surrounding facts illustrating the circumstances under which the rulings were made and for that reason they cannot be considered.

Appeal from the District Court of Howard County.  Tried below before the Hon. W. P. Leslie, Judge.

Appeal from a conviction for the unlawful possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

The opinion states the case.

*Jno. B. Littler*, of Big Springs, *B. W. Baker*, of Carthage, for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is the unlawful possession of intoxicating liquor for the purpose of sale; punishment fixed at confinement in the penitentiary for a period of one year.

The State's testimony is to the effect that the appellant and two others were seem in an automobile in which there was found a fruit jar containing a half-gallon of whiskey and some other containers which the circumstances revealed had contained whiskey.

The appellant's explanation of the transaction is in substance this: Without any whiskey in his car, he stopped it on the street after paying a visit to his aunt. It was near a restaurant and a garage. Leaving his car, he went into Meyers' restaurant and had a conversation with a relative. Meyers was drunk and his wife asked the appellant to take him out. Appellant and Meyers went to the car. Upon reaching it, another man appeared and asked to ride with them out to a farm about three miles distant. The man said he had a bundle that he wanted to take with him. Appellant consented that he should ride. The man went away and upon his return had the bundle with him and asked Meyers if he drank. Meyers replied that he did. The jar was then produced and a drink taken from it by each member of the party. Appellant got out of the car to go an errand. Upon his return to the car, he found the officers in possession of it. He disclaimed any other connection with the whiskey or the ownership of it.

In its charge the court instructed the jury thus:

"If you find and believe from the evidence in this case, beyond a reasonable doubt, that on or about December 9th, 1923, in Howard County, Texas, the defendant, Lem Walden, knowingly had in his possession more than one quart of whiskey then you will find him guilty."

The court also instructed the jury that if the whiskey in question was placed in the car of the appellant by another and the appellant had no interest in it, or if upon that subject they had a reasonable doubt, they should acquit him.

There is no phase of the charge which submitted to the jury the question as to whether the whiskey was possessed for the purpose of sale, but the learned trial judge proceeded upon the theory that the possession of more than a quart of whiskey was conclusive proof of guilt. The indictment in the present case properly charged the offense, namely, the "unlawful possession of intoxicating liquor for the purpose of sale", but it is also necessary that the purpose for which it is possessed be submitted to the jury.

From Petit' case, 90 Texas Crim. Rep. 336, we quote:

"There can be no question but that an indictment for the offense as now defined, must charge that such possession 'was for the purpose of sale', and that the question of the purpose of such possession must be submitted to the jury in the charge of the court."

We also quote from Veasey's case, 260 S. W. Rep. 1055, the following:

"The learned trial judge apparently misapprehended the phase of the statute under which the prosecution is made. The offense denounced is 'the possession of intoxicating liquor for the purpose of sale.' The burden rested upon the State to prove, not only the possession, but that the possession was for the purpose of sale. The appellant might have had the liquor for use as beverage, but such possession would not have been within the provision of the State statute."

In the present case the learned trial judge apparently misconceived the effect of Section 2e, Chap. 22, Acts of 38th Leg., 2nd Called Session, in which it is declared that the possession of more than a quart of intoxicating liquor shall be *prima facie* evidence of guilt. The validity of that statute has been upheld by this court upon the express ground that it did not reflect the purpose of the Legislature to declare that the possession of more than a quart of liquor was absolute or conclusive proof of guilt, but that it was prima facie evidence. Of such evidence it was said in Floeck's case, 34 Texas Crim. Rep. 314:

" 'Prima facie' evidence is merely proof of a case upon which the jury may find a verdict, unless rebutted by other evidence. In other words, prima facie evidence is not conclusive, but such as may be overcome by evidence to the contrary; and such evidence to be weighed together with the other evidence, and in connection with the reasonable doubt and presumption of innocence which obtain in all criminal trials."

See Stoneham v. State, 268 S. W. Rep. 156; Newton v. State, 267 S. W. Rep. 272. Explanatory of the principle upon which the legislative declaration that a given fact shall be prima facie evidence has been upheld, a review of the judicial decisions will be found in the annotation of North Carolina v. Barrett, 138 N. C., 630; 1 L. R. A., (N. S.) 626, from which a quotation will be found in Newton's case, supra, a part of which is in this language:

"But statutes which undertake to make evidence of certain facts absolute or conclusive proof of guilt are unconstitutional; those, however, which merely declare statutory presumptions affecting the burden of proof are valid."

A like announcement is to be found in the case of the State of New Hampshire v. Lapointe, 123 Atl. Rep. 692; 31 Amer. Law Rep. 1212.

The application of this principle was made in Floeck's case, supra.

In the present case, it was the right of the accused to have the jury understand through the charge of the court that the burden was upon the State to prove beyond a reasonable doubt that the appellant was in possession of intoxicating liquor for the purpose of sale. It was proper for the court to instruct the jury that prima facie, the discharge of this burden was made by the proof, beyond

a reasonable doubt, that the accused was in possession of more than a quart of intoxicating liquor. They should have been further informed, however, (upon exception to the charge) of the meaning, in substance, of prima facie evidence as defined in Fleck's case, supra.

The record contains a number of bills of exception, but in the absence of surrounding facts illustrating the circumstances under which the rulings complained of were made, the bills are insufficient to overcome the presumption indulged on appeal that the trial court correctly ruled upon the admission and rejection of evidence.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*