## NARCISSE TRAMMEL V. THE STATE.

No. 9744.  Delivered January 27, 1926.

Rehearing denied March 3, 1926.

### 1.—Possessing Intoxicating Liquor—Evidence—Res Gestae—Properly Admitted.

Where, on a trial for the possession of intoxicating liquor for the purpose of sale, the evidence disclosed that on a search of appellant's premises two quarts of whiskey and about five gallons of "home brew," or choc beer, was found, there was no error in admitting the evidence of the finding of the choc beer, the state relying upon the possession of the whiskey for a conviction. What was found in appellant's premises at the same time was a part of the res gestae, and properly admissible in evidence.

### 2.—Same—Charge of Court—On Prima Facie Evidence—Correct.

Where, on a trial for possession of intoxicating liquor, for the purpose of sale, the court charged that the possession of more than one quart of whiskey was prima facie evidence of guilt, and properly tells the jury that same is not conclusive evidence in the case, but is to be weighed with all the other evidence, in connection with a reasonable doubt and presumption of innocence, no error is shown in such charge. Following Newton v. State, 267 S. W., 272; Stoneham v. State, 268 S. W., 156.

3.—Same—Search and Seizure—New Law, not Applicable.

Where a cause involving a search and seizure is tried before the law passed by the last legislature on that subject became effective, said law could not apply to the case, and it was so held in the case of Bailey Harrison v. State, No. 9711, not yet reported.

ON REHEARING.

4.—Same—Evidence—Properly Admitted.

On rehearing appellant insists that we were in error in our original opinion in holding that the finding of two gallons of choc beer on appellant's premises as being properly admitted. While it was not shown that the beer was intoxicating, it was shown to have been in a state of fermentation and the charge of the court having presented only the issue of the possession of the whiskey, we think the large quantity of fermenting choc beer present was a circumstance which the jury might properly consider in connection with all the other evidence before them.

Appeal from the District Court of Harrison County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale.

The opinion states the case.

*H. T. Lyttleton* of Marshall, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Harrison County of the offense of unlawfully possessing intoxicating liquor, and her punishment assessed at two years in the penitentiary.

The record discloses that the officers searched the house and premises of the appellant and found two quarts of whiskey under the dining room table, and about five gallons of "home brew" or "choc beer." It was the contention of the state that the appellant had said whiskey for sale, and it was appellant's contention that she had same for medicinal purposes for herself and mother.

The appellant in several ways complains of the action of the court in permitting the state to introduce evidence pertaining to the "home brew" or "choc beer" found on the premises, because it is contended that t was not shown that same was intoxicating and was prejudicial to the rights of the appellant. We fail to see any merit in this contention. It was proper for the

witnesses to testify what they found at the time of the search, because same was part of the res gestae. The court in his charge also ignored any reference to the beer in question, and there was no issue made thereon by the state, or any contention that it was seeking a conviction of the defendant for possessing said beer. To the contrary the sale issue in the case was limited to the possession of the whiskey and the use thereof.

Appellant complains of that portion of the charge of the court, in which it is stated that possession of more than one quart of whiskey is prima facie evidence of guilt. We have carefully examined said charge and find that the court, after charging the statute thereon, properly tells the jury that same is not conclusive evidence, and that said evidence is to be weighed with all the other evidence in the case, and in connection with a reasonable doubt and presumption of innocence. and that the jury must believe beyond a reasonable doubt that the defendant is guilty before they would be authorized to convict. This charge properly follows the decisions of this court heretofore announced on prima facie evidence in such cases. Newton v. State, 267 S. W. 272; Stoneham v. State, 268 S. W. 156.

The appellant also insists that this court should invoke and apply the search and seizure law which was passed by the last session of the legislature, to this case. There is no merit in this contention for the reason that said law went into effect after the trial of this case, and could not apply thereto. In support of this contention this court has so held in the case of Bailey Harrison v. State, from Angelina County, No. 9711, yet unreported.

The court properly charged the jury on all phases of the case raised by the testimony, both of the state and the appellant, and after a careful examination of the entire record, we are unable to find any error in the trial of this case, and are of the opinion that the judgment of the trial court should be in all things affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Court of Criminal Appeals and approved.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In view of appellant's motion we have again examined the record and fail to discover therein any error

which in our judgment calls for a reversal.

By a special charge which was refused, appellant sought to have the jury told they could not consider for any purpose the evidence of the officers as to finding a quantity of "choc beer" because it had not been shown to be intoxicating. We think the refusal of the court to withdraw this evidence not erroneous. The "choc beer" was shown to be in a state of fermentation. No effort was made to show it was intoxicating at the time of the raid but to support the charge that appellant possessed inoxicating liquor for the purpose of sale, the state appeared to rely upon the fact that whiskey was found and the testimony of witnesses who claimed to have seen appellant serving the whiskey to parties in the house. However, we think the large quantity of fermenting "choc beer" present was a circumstance which the jury might properly consider in connection with all other evidence before them.

The motion for rehearing is overruled.

*Overruled.*