To convict husband for failure to support wife, such failure must be willful.

**2. Husband and wife ⬅️312—Information failing to state that refusal to support wife was willful held defective.**

Where information charging refusal to support wife failed to charge that offense was willfully committed, motion to quash should be sustained.

Commissioners' Decision.

Appeal from Hopkins County Court; Geo. C. Stephens, Judge.

Jim Covington was convicted of refusal to provide for the support and maintenance of his wife, and he appeals. Reversed, and prosecution ordered dismissed.

Dial & Brim, of Sulphur Springs, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

BERRY, J. The offense is refusal to provide for the support and maintenance of appellant's wife, and the punishment is a fine of $25.

[1, 2] The information, omitting formal parts, charges that—

"On or about the 31st day of March A. D. 1924, in the county and state aforesaid, did unlawfully and without justification neglect and refuse to provide for the support and maintenance of Sallie Covington. * * *"

The appellant made a motion to quash this information because it does not charge that the act or refusal to provide for the support and maintenance of the wife was willfully done. In order to convict a husband under this statute, he must not only desert his wife, or fail to support her, as the case may be, but it must be willfully done. Dickey v. State, 198 S. W. 310, 82 Tex. Cr. R. 154; Terrell v. State, 228 S. W. 240, 88 Tex. Cr. R. 599; Windham v. State, 192 S. W. 248, 80 Tex. Cr. R. 551; Verse v. State, 193 S. W. 303, 81 Tex. Cr. R. 48; Lamm v. State, 210 S. W. 209, 85 Tex. Cr. R. 48; Wallace v. State, 210 S. W. 206, 85 Tex. Cr. R. 91.

It being essential to the state's case that proof be made that the failure to support the wife was willfully done, it follows that the information should have charged that the offense was willfully committed. The information failing in this respect, the motion to quash the same should have been sustained, and, for court's error in refusing to do so, the judgment is reversed, and the prosecution is ordered dismissed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

## TRAMMELL v. STATE. (No. 9744.)

(Court of Criminal Appeals of Texas. Jan. 27, 1926. Rehearing Denied March 3, 1926.)

**1. Criminal law ⬅️363—Evidence of finding nonintoxicating home brew held admissible as res gestæ in prosecution for possessing intoxicating liquor.**

In prosecution for possessing intoxicating liquor, where sole issue was possession and use of two quarts of whisky found by officers in house of accused, evidence of quantity of homebrew which was found at same time *held* admissible, though it was not shown to be intoxicating, since it was part of res gestæ.

**2. Intoxicating liquors ⬅️239(2)—Where two quarts of whisky were found in accused's house, charge that possession of more than one quart was prima facie evidence of guilt held proper.**

In prosecution for possessing intoxicating liquor, where two quarts of whisky were found in accused's house, charge that possession of more than one quart of whisky was prima facie evidence of guilt, qualified by statement that such is not conclusive, and should be weighed in connection with reasonable doubt and presumption of innocence, *held* proper.

**3. Criminal law ⬅️394.**

Search and seizure law cannot apply to trial held before such law went into effect.

Commissioners' Decision.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Narcisse Trammell was convicted of unlawfully possessing intoxicating liquor, and she appeals. Affirmed.

H. T. Lyttleton, of Marshall, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

BAKER, J. The appellant was convicted in the district court of Harrison county of the offense of unlawfully possessing intoxicating liquor, and her punishment assessed at two years in the penitentiary.

The record discloses that the officers searched the house and premises of the appellant, and found two quarts of whisky under the dining room table, and about five gallon of "home brew" or "choc beer." It was the contention of the state that the appellant had said whisky for sale, and it was appellant's contention that she had same for medicinal purposes for herself and mother.

[1] The appellant in several ways complains of the action of the court in permitting

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the state to introduce evidence pertaining to the "home brew" or "choc beer" found on the premises, because it is contended that it was not shown that same was intoxicating, and was prejudicial to the rights of the appellant. We fail to see any merit in this contention. It was proper for the witnesses to testify what they found at the time of the search, because same was part of the res gestæ. The court in his charge also ignored any reference to the beer in question, and there was no issue made thereon by the state or any contention that it was seeking a conviction of the defendant for possessing said beer. To the contrary, the sole issue in the case was limited to the possession of the whisky and the use thereof.

[2] Appellant complains of that portion of the charge of the court in which it is stated that possession of more than one quart of whisky is prima facie evidence of guilt. We have carefully examined said charge, and find that the court, after charging the statute thereon, properly tells the jury that same is not conclusive evidence, and that said evidence is to weighed with all the other evidence in the case, and in connection with a reasonable doubt and presumption of innocence, and that the jury must believe beyond a reasonable doubt that the defendant is guilty before they would be authorized to convict. This charge properly follows the decisions of this court heretofore announced on prima facie evidence in such cases. Newton v. State, 267 S. W. 272, 98 Tex. Cr. R. 582; Stoneham v. State, 268 S. W. 156, 99 Tex. Cr. R. 54.

[3] The appellant also insists that this court should invoke and apply the search and seizure law, which was passed by the last session of the Legislature, to this case. There is no merit in this contention, for the reason that said law went into effect after the trial of this case, and could not apply thereto. In support of this contention this court has so held in the case of Bailey Harrison v. State, 279 S. W. 455, from Angelina county (No. 9711) yet [officially] unreported.

The court properly charged the jury on all phases of the case raised by the testimony, both of the state and the appellant, and, after a careful examination of the entire record, we are unable to find any error in the trial of this case, and are of the opinion that the judgment of the trial court should be in all things affirmed, and it is accordingly so ordered.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

HAWKINS, J. In view of appellant's motion, we have again examined the record, and fail to discover therein any error which, in our judgment, calls for a reversal.

By a special charge which was refused appellant sought to have the jury told they could not consider for any purpose the evidence of the officers as to finding a quantity of "choc beer" because it had not been shown to be intoxicating. We think the refusal of the court to withdraw this evidence not erroneous. The "choc beer" was shown to be in a state of fermentation. No effort was made to show it was intoxicating at the time of the raid, but, to support the charge that appellant possessed intoxicating liquor for the purpose of sale, the state appeared to rely upon the fact that whisky was found and the testimony of witnesses who claimed to have seen appellant serving the whisky to parties in the house. However, we think the large quantity of fermenting "choc beer" present was a circumstance which the jury might properly consider in connection with all other evidence before them.

The motion for rehearing is overruled.