## ALBERT RATLIFF v. THE STATE.

No. 12816.   Delivered November 13, 1929.
Rehearing denied State March 12, 1930.
Reported in 25 S. W. (2d) 343.

The opinion states the case.

*Roy F. Formway* of Roby, and *Glover Engledow* of Clairemont, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The unlawful possession of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of two years.

In the indictment there were two counts; one for the possession; the other for transporting intoxicating liquor. The latter count was abandoned and not submitted to the jury.

With his consent the appellant's automobile was searched and found to contain several bottles of whisky. The appellant, in his testimony, admitted the possession of the whisky and defended: first, upon the ground that the use of whisky for medicinal purposes had been prescribed by his physician because of a malady from which the appellant was suffering and for which he was under treatment; and second, that the whisky was possessed for his own use as a beverage and not for the purpose of sale.

Doctor Cooper, a physician, testified that the appellant was his patient and was under treatment for a malady requiring the use of arsenic to the extent that it produced a shock to the nervous system, in consequence of which the use of whisky as a stimulant had been prescribed to counteract the shock mentioned. The physician also testified that he had learned that the appellant had been a heavy drinker of intoxicants for a number of years and that under the circumstances the sudden withdrawal of the use of intoxicating liquor as a stimulant might result in disaster to the patient.

The appellant testified that previous to submitting his case to Doctor Cooper, he had been treated by another physician and had been "knocked out" by the treatment. In changing physicians, Doctor Cooper advised the use of whisky; that the use of the whisky furnished a measure of relief; that the whisky in his possession at the time of his arrest was purchased and possessed by him for stimulation and as medicine and was not for sale; that he had never sold any whiskey nor possessed such liquor for the purpose of sale. The officer making the arrest testified that at the time of the arrest the appellant stated that he had been in the liquor business for eight years.

The court submitted the case to the jury in a charge, the fourth paragraph of which reads thus:

"Under the law the possession of more than one quart of intoxicating liquor by a defendant is prima facie evidence that he had it for the purpose of sale; but the defendant is entitled to introduce evidence showing that he had such liquor, if any, in his possession for lawful purposes. Prima facie evidence means evidence which is

sufficient to establish the fact, unless rebutted; evidence which, standing alone and unexplained, would maintain the proposition and warrant the conclusion to support which it is introduced."

Various exceptions were urged to the charge. An unhappy choice of language was made. The interpretation of the term "prima facie evidence" given in Floeck's case, 34 Tex. Cr. R. 321, is in the following words:

"Making out a prima facie case does not change the burden of proof. This is only the result of that amount of evidence which is sufficient to counterbalance the general presumption of innocence, and warrant a conviction, if the fact so established be not encountered and controlled by other evidence tending to modify its effect, or so to explain it as to render the statutory inference from it too uncertain and improbable to be relied upon."

It was upon such interpretation of the statute, P. C., Art. 671, that its validity was decided by this court. See Stoneham v. State, 268 S. W. 156; Newton v. State, 267 S. W. 272.

Paragraph 7 of the court's charge embraces an instruction in substance that one has a right to possess intoxicating liquor for *medical purposes;* and if the jury found beyond a reasonable doubt that the appellant possessed intoxicating liquor as charged in the indictment, "but if you believe that he possessed the same for medical purposes, or if you have a reasonable doubt as to whether that was his purpose in possessing the same, you will acquit the defendant." It is pointed out by counsel for the appellant that the law permits the possession of intoxicating liquor for *other* besides *medicinal purposes,* and that the evidence in this case presents the theory that the appellant possessed the liquor for beverage purposes. A similar charge was before the court in Veasey's case, 97 Tex. Cr. R. 299, in which the following remarks were made:

"The burden rested upon the State to prove not only the possession but that the possession *was for the purpose of sale.* The appellant might have had liquor for use as beverage, but such possession would not have been within the provision of the State statute. . . . It was, however, within the terms of the charge. In other words, under the instruction, if the jury believed that appellant possessed liquor for beverage purposes . . . he would, under the charge of the court, have been guilty."

Reference is also made to the case of Ex parte Mitchum, 91 Tex. Cr. R. 62; Walden v. State, 272 S. W. 139. See also North Carolina v. Barrett, 138 N. C. 630, 1 L. R. A. (N. S.) 626.

The matters discussed are properly before the court for review, and the opinion is expressed that in both of the particulars mentioned above the court should have amended his charge so as to conform to the exceptions.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON STATE'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—The definition of "prima facie evidence" used by the court is in the language of one definition found in Words & Phrases, Vol. 6, page 89, (3d Series), which was taken from Gilmore v. Modern Brotherhood of America, 171 S. W. 629, 186 Mo. App. 445, which in turn copied it from 22 Am. & Eng. Ency. Law, 1294. This was a civil case. On page 90 of Words & Phrases above referred to there seems to be recognized a distinction in the meaning of the term "prima facie" when used in a criminal case. There is good reason for a distinction. In a civil case a preponderance of the evidence only is necessary, whereas in a criminal case the accused starts out with a presumption of innocence which must be overcome by evidence beyond a reasonable doubt. In addition to the authorities cited in our original opinion as to proper charge upon the subject in a criminal case we refer to Walden v. State, 100 Tex. Cr. R. 584, 272 S. W. 139.

We have again examined the evidence closely. The jury would have been warranted in reaching the conclusion that appellant was using the liquor more as a beverage than as medicine. Under these circumstances the court should have responded to the objections to the charge and made it clear to the jury that although appellant might be using the liquor as a beverage such fact would not authorize a conviction for possessing it for the purpose of sale.

The motion for rehearing is overruled.

*Overruled.*