ELI GARLINGTON v. THE STATE.

No. 13062. Delivered February 26, 1930.
Reported in 25 S. W. (2d) 333.

The opinion states the case.

*Adams & Hamilton* of Jasper, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

Operating under a search warrant, officers searched appellant's private residence and found therein several gallons of whiskey. Appellant, his wife, Oscar Harper and two others were in appellant's residence at the time the search was made. Appellant's wife testified that the whiskey found by the officers belonged to Oscar Harper, who was boarding with her and her husband at the time the search was made, and that her husband had no interest in the whiskey.

She further testified that her husband had not been at home over thirty minutes when the officers arrived. Oscar Harper left immediately after the search and no one knew of his whereabouts at the time of the trial.

The court instructed the jury on the presumption arising from the possession of more than a quart of intoxicating liquor, but refused to define the meaning of prima facie evidence. Timely and proper exception was interposed. Other than that more than a quart of whiskey was found in appellant's residence, there is nothing in the record to show that possession was for the purpose of sale. In Floeck v. State, 34 Tex. Cr. R. 314, 30 S. W. 794, prima facie evidence was defined as follows:

" 'Prima facie' evidence is merely proof of a case upon which the jury may find a verdict, unless rebutted by other evidence. In other words, prima facie evidence is not conclusive, but such as may be overcome by evidence to the contrary; and such evidence is to be weighed together with the other evidence, and in connection with the reasonable doubt and presumption of innocence which obtain in all criminal trials."

It was the right of appellant to have the jury understand the meaning of prima facie evidence. Walden v. State, 272 S. W. 139. The term should have been defined in the charge.

Upon another trial appellant's affirmative defense should be embodied in the charge. There was exception to the failure to cover the matter in the charge.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.