W. E. WININGER v. THE STATE.

No. 13359.   Delivered February 11, 1931.
Rehearing Denied March 25, 1931.

The opinion states the case.

*Hamilton, Fitzgerald & Grundy,* of Memphis, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE. — Conviction for possessing intoxicating liquor for purpose of sale; punishment, one year in the penitentiary.

The court gave the following definition of prima facie evidence:

" 'Prima facie evidence' as that term is here used in the law, does not mean conclusive evidence; but it is such evidence as, unless and until it is overcome or rebutted or contradicted by other evidence, is sufficient in law to constitute proof of a fact."

This was excepted to, among other things, for its failure to tell the jury that they must consider same together with all the facts and circumstances in evidence, and in connection with the other charges on the burden of proof and presumpton of innocence. In his able brief appellant cites Floeck v. State, 34 Texas Crim. Rep., 314, 30 S. W., 794; Walden v. State, 100 Texas Crim. Rep., 584, 272 S. W., 139, and Garlington v. State, 114 Texas Crim. Rep., 363, 25 S. W. (2d) 333, in support of his contention in this regard.

As we understand Floeck's case, supra, it does not support appellant, but on the contrary approves a definition of prima facie evidence in substance the same as the one here objected to. The complaint in that case was that the law authorizing presumption based on prima facie evidence, was unconstitutional, and the charge given on the point here involved was as follows:

"By the law of this State, the payment of the United States special tax as a seller of spirituous, vinous and malt liquors shall be held to be prima facie evidence that the person paying such tax is engaged in selling such liquor. By 'prima facie evidence' is meant not that the evidence is conclusive, but that it may be rebutted or overcome by evidence to the contrary."

We must keep in mind that in the case at bar, in the paragraph of the charge immediately following that containing the definition of prima facie evidence above quoted, the court told the jury that they must find and believe from the evidence beyond a reasonable doubt that the defendant possessed for the purpose of sale spirituous liquors capable of producing intoxication; and that this was followed by a further instruction on presumpton of innocence and reasonable doubt generally—and that he further specifically then told the jury that if they had any reasonable doubt of appellant's guilt of the offense charged, they should acquit him.

The exception to the charge in Floeck's case, supra, was that it was on the weight of the evidence, invaded the province of the jury, and the

point was made that the effect of the law was to take from the jury the right to pass on the facts of the whole case. Judge Henderson said in his opinion in the Floeck case, supra, as follows:

"It will be noticed in this case that the court, in its charge, carefully guarded the rights of the defendant on this subject. The jury were informed, that the payment of the Federal tax to sell liquors was prima facie evidence merely; and he then defined 'prima facie evidence' as 'not conclusive, but such as may be rebutted or overcome by evidence to the contrary'; and in the same connection he charged the jury on the presumption of innocence and reasonable doubt, and left them to determine from all the evidence in the case as to the guilt or innocence of the defendant. The charge of the court was in accord with the article above quoted, and in our opinion it was not violative of the provisions of the Constitution, as an infringement on the right of trial by jury. The jury were properly instructed as to the character of prima facie evidence. Nor were they told, as a matter of law, to find defendant guilty upon such evidence, but were left by the charge free to weigh the prima facie evidence, together with all the other testimony, in connection with the reasonable doubt and presumption of innocence which a defendant is entitled to in every criminal trial, and to render their verdict accordingly. In this we see no error."

We are inclined to think that what has led appellant's counsel to cite the Floeck case, and has also caused said opinion to some extent to be misapprehended, will be found in the language of paragraph four of the syllabus of said opinion, the syllabus of course having been prepared by the court reporter—which paragraph reads as follows:

" 'Prima facie' evidence—meaning of—How Weighed.—'Prima facie' evidence is merely proof of the case upon which the jury may find a verdict, unless rebutted by other evidence. In other words, prima facie evidence is not conclusive, but such as may be overcome by evidence to the contrary; and such evidence is to be weighed together with the other evidence, and in connection with the reasonable doubt and presumption of innocence which obtain in all criminal trials." .

The language of this paragraph of the syllabus, is not the language of this court laying down a definition of prima facie evidence. The said paragraph quoted is the language of this court down to the semicolon, but the remainder of said paragraph of the syllabus is not the language of this court, and it is this latter part of said syllabus which has caused the trouble. The heading of said paragraph of the syllabus in small capitals as follows: "Prima Facie Evidence—Meaning of—How Weighed," is significant—and shows that the reporter who prepared both the heading and the syllabus, in using the words "Meaning of," intended the definition in the first part of said paragraph; and in the words "How Weighed" referred only to the latter part of said paragraph, which, as

above stated, was not and is not a part of the definition of prima facie evidence, but was and is a direction to the jury as to their use of such evidence, which is a matter of procedure. No authority known to the writer, either text book, elementary, or in decision, gives to the words "prima facie evidence" a meaning or definition which would include what is said in the latter part of this paragraph of said syllabus, and it is manifestly improper to attempt to make same a part of a correct definition of said expression.

In reference to Garlington v. State, 114 Texas Crim. Rep., 363, 25 S. W. (2d) 333, we have no doubt of the soundness of the opinion in the Garlington case, which held that when the court gives in charge the law of prima facie evidence he should explain the meaning of same, and tell the jury that the presumption thus arising may be rebutted or overcome by evidence. The court in that case gave to the jury no definiton of prima facie evidence. There is nothing in said case in the least contrary to the opinion entertained as to the correctness of the present case.

Examining the Walden case, supra, we note that there was no definition of prima facie evidence attempted or given in the charge of the trial court in that case, hence no necessity for an authoritative announcement regarding the correctness or sufficiency of what would be a proper definition thereof. It is noted that in the opinion in that case the whole of paragraph four of the syllabus in Floeck's case, supra, is quoted merely as part of an argument that the Legislature did not intend by the enactment of the law regarding prima facie evidence, to declare the possession of more than a quart of liquor absolute or conclusive proof of guilt. The case of Ratliff v. State, 114 Texas Crim. Rep., 142, 25 S. W. (2d) 343, cites the Floeck case, supra, but does not in any way endorse the proposition that a charge defining prima facie evidence would not be sufficient, or that it would call for a reversal in a given case,—when it failed to incorporate in such definition the latter part of what appears in the fourth paragraph of the syllabus in said Floeck case.

On its facts the instant case shows no effort on the part of the accused to prove that he had the whisky in question for any legitimate purpose. In other words, he did not try to overcome or rebut the presumption arising from the fact of possession of more than twenty gallons of whisky, but defended on the proposition that he had no connection with the possession of any whisky at the time in question.

Without going into the evidence at length, it sufficiently showed that on a certain occasion appellant's car was stalled in a ditch, and later was found to have a broken axle, and that going from the place where the car was in the ditch and where appellant was seen, tracks were discovered, and not far away some forty-six half-gallon jars of whisky were found secreted in some weeds, and that in appellant's car was found parts of cartons, and that from other circumstances the State sufficiently made out

346

and established to the satisfaction of the jury that the whisky in question was in appellant's car and was unloaded by him at the time his car was stalled, and was in his possession at the time and place referred to. The jury saw fit to give appellant the lowest penalty.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant renews his criticism of the charge defining the term "prima facie" evidence and calls attention to other exceptions to the definition than those considered in our original opinion. If appellant had undertaken to explain possession of the liquor in a manner consistent with an innocent possession, the failure of the court to respond to the further exception might have presented some difficulty, but we are not inclined to think his failure to do so presents error when the defense was a denial of any sort of connection with the liquor.

The motion for rehearing is overruled.

*Overruled.*