ALBERT RATLIFF v. THE STATE.

No. 13995.    Delivered February 25, 1931.

The opinion states the case.

*Roy F. Formway,* of Roby, and *Glover Engledow,* of Clairemont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful possession of intoxicating liquor for the purpose of sale is the offense; penalty assessed at confinement in the penitentiary for one year.

This is the second appeal of this case. See Ratliff v. State, 114 Texas Crim. Rep., 142, 25 S. W. (2d) 343.

The jury was told that in order to convict the appellant the State must prove that the liquor was possessed for the purpose of sale. The court instructed them that the possession by the appellant of more than one quart of intoxicating liquor was prima facie evidence that he possessed it for the purpose of sale, "but the defendant is entitled to introduce evidence showing that he had such liquor in his possession for lawful purposes." The jury was also instructed that a person had the legal right to possess intoxicating liquor for medicinal purposes; that if the liquor was possessed by the appellant for medicinal purposes or if there was a reasonable doubt in the minds of the jury upon that subject they should acquit him. Exception was reserved to the charge because the court failed to instruct the jury touching the appellant's right to possess the liquor for beverage purposes, and under the evidence and the facts the accused was clearly entitled to such an instruction. He had been a heavy drinker for fifteen years. He had several quarts of whisky in his possession. The doctor declared that the appellant's long habit of drinking whisky could not be suddenly ceased. The instructions given are so framed as to leave the impression upon the jury that unless the whisky was possessed by the appellant for medicinal purposes he should be convicted. The facts are not different from those on the former appeal (Ratliff v. State, supra), and the instructions given upon the present trial are in substance the same as those given upon the former trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*