ADDIE SEAY v. THE STATE.

No. 19592.   Delivered April 6, 1938.

The opinion states the case.

*Mahan & Broughton,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of a violation of the liquor laws of this State, and fined $100.00.

The testimony as to the intoxicating quality of the liquors alleged to have been purchased from appellant is wholly circumstantial. The appellant objected to the court's charge on account of a failure to submit such a charge on circumstantial evidence, and requested special charge No. 2 on such character of evidence, which request was refused. Same should have been given. The only testimony relative to the intoxicating qualities of the liquor sold was that "Mr. Diggs was drinking mixed drinks. * * * first one thing and then another * * * they made him drunk."

The appellant's defense was that when Mr. Diggs and companions entered her place of business they were drinking and under the influence of intoxicating liquor; that they had with them a bottle of whisky, and that if they drank any intoxicating liquors while in her place of business, it was their own whisky; that she merely mixed what she called chasers, such as lemon juice and ginger ale.

Appellant's attorneys objected to the court's charge because of a failure to have included therein an affirmative charge on her defense, and offered special charges covering such a phase of the case. Such were not given. We think there was error in failing to give such charges. See Hays v. State, 103 S. W. (2d) 374; Ratliff v. State, 36 S. W. (2d) 173; DeGrace v. State, 27 S. W. (2d) 186. The appellant has an inalienable right to have his defensive theory presented to the jury in every instance where same appears from the testimony.

For the errors discussed, the judgment is reversed and the cause remanded.