## ED WILLIAMS v. THE STATE.

No. 21971. Delivered March 11, 1942.

The opinion states the case.

*Hutchison & Hutchison,* of Paris, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for possessing whisky for the purpose of sale in dry area, punishment assessed being a fine of $150.00.

Officers quite a distance from appellant's house watched through field glasses and saw several cars stop at the house. Appellant delivered to one of the cars something in a paper sack. The officers then secured a search warrant and found on the sills under the house one pint of liquor in a paper sack, and four half-pints of liquor in two other paper sacks, two half-pints being in each sack. The officers testified on direct examination that the liquor was whisky, but on cross examination destroyed the probative force of such testimony by admitting that they had neither tasted nor smelled the liquor, nor made any test of it whatever. If there were any labels or stamps on the bottles indicating what their contents might be no mention is made of it. One of the State's witnesses qualified as knowing the taste and smell of whisky and was handed the bottles with the request that he smell and taste the contents, and then tell the jury what it was. Appellant objected on the ground that it was prejudicial, and the court sustained the objection. If the witness had answered that the contents of the bottles was whisky it certainly would in a sense have been prejudicial or hurtful to appellant, in that it would have made out a case against him. The evidence was admissible. We have been unable to see any reason for excluding it. Assuming that the answer would have been favorable to the State the effect of the court's ruling was to prevent the State from placing in the record evidence which is necessary to support the verdict.

Appellant offered no evidence. A motion for an instructed verdict of acquittal was overruled. As the record appears here the motion should have been sustained.

We find an objection to the court's instruction regarding "prima facie" evidence, but no special charge on the subject was requested as is required in misdemeanor cases. However, in event of another trial, if an instruction on the subject should become necessary we refer to Floeck v. State, 34 Tex. Cr. R. 314, 30 S. W. 794; Ratliff v. State, 114 Tex. Cr. R. 142, 25 S. W. (2d) 343; McCombs v. State, 50 Tex. Cr. R. 490; Stoneham v. State, 99 Tex. Cr. R. 54, 268 S. W. 156.

The judgment is reversed and the cause remanded.