ACCEPTED
12-14-00296-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
12/26/2014 11:03:31 AM
CATHY LUSK
CLERK

CASE NO. 12-14-00296-CR

IN THE TEXAS COURT OF APPEALS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
12/26/2014 11:03:31 AM
CATHY S. LUSK
Clerk

TWELFTH SUPREME JUDICIAL DISTRICT

TYLER, TEXAS

---

DAVID MARK DAVIS, II

Appellant

VS.

THE STATE OF TEXAS

Appellee

---

On Appeal from the County Court at Law Number Two of
Angelina County, Texas Cause No. 14-1048

---

REPLY BREIF FOR APPELLEE

---

James M. Yakovsky
Assistant County Attorney
Angelina County Attorney's Office
P.O. Box 1845
Lufkin, Texas 75902-1845
Telephone: 936.632.3929
State Bar No. 24030668

ORAL ARGUMENT REQUESTED ONLY IF REQUESTED BY APPELLANT

## TABLE OF CONTENTS

Statement of the Case....................................3

State's Response to the issue presented..................4

Prayer..................................................7

# INDEX OF AUTHORITIES

**Caseslaw**

*Garlington v. State,* 25 S.W. 2d. 333,334 (Tex. Crim. App. 1930) .........................................................5

*Garcia v. State,* 827 S.W. 2d. 937, 944 (Tex. Crim. App. 1992) ..........................................................6

**Statutes**

Tex. Transp. Code Sec. 545.352.........................5

43 Tex. Admin. Code Sec. 25.21 (b)(1) ..................5

Tex. Code of Crim. Proc. Art. 14.01 (b) ...............6

Tex. Transp. Code Sec. 543.004.........................6

Tex. Transp. Code Sec. 543.005.........................6

Tex. Transp. Code Sec. 543.003.........................6

Tex. Transp. Code Sec. 543.010.........................6

## STATEMENT OF THE CASE

As indicated in the Appellant's brief, this cause involving a speeding violation that was appealed from the Lufkin Municipal Court to the Angelina County Court at Law Number Two. A trial was set for October 10th, 2014. Just prior to trial, the Court heard Appellant's argument on his Motion to Suppress. In his argument, Appellant claimed his personal information such as his name, address and license information was "the fruit" from the "seizure" of the traffic stop, and should be suppressed. Upon the Court's denial of his Motion to Suppress, Appellant entered a "no contest" plea, and the Court rendered a judgment and punishment consisting of a fine in the amount of $75.00 and court costs of $248.10. Although the State was prepared for trial with the presence of the officer and the video of the traffic stop, Appellant's voluntary plea of "no contest" to the Court eliminated the need for a trial, or any presentation of evidence on behalf of the State.

3.

## STATE'S RESPONSE TO THE ISSUE PRESENTED

**The Trial Court's denial of Davis' Motion to Suppress was correct, and without error**

This case involves a speeding violation, and nothing more. Defendant claims the traffic stop conducted by Lufkin Police Officer Christopher Carroll was without reasonable suspicion supported by articulable facts that a traffic violation occurred. To the contrary, while on routine traffic enforcement duty located at the 5000 block of South Chestnut near the city limits of Lufkin, Angelina County, Texas, Officer Carroll observed Defendant who was travelling in his vehicle at a speed of 68 miles per hour, in excess of the posted speed which is 55 miles per hour at the particular location where Officer Carroll was working.

As a result, Officer Carroll made a traffic stop upon viewing a traffic violation committed by the Defendant within Officer Carroll's view. A citation was issued to the Defendant for speeding, upon which Defendant signed and made a promise to appear.

4.

Despite Defendant's claims in his Motion, there was no arrest, no searches and no seizures.

**Response and Authority**

Section 545.352 of the Transportation Code states "a speed in excess of the limits established is prima facie evidence that the speed is not reasonable and prudent, and the speed is unlawful." Texas Transp. Code Sec. 545.352. Here, Officer Carroll clocked Defendant's vehicle with a "Stalker" Radar at 68 miles per hour, in an area where the posted speed limit is 55 miles per hour. All speed limits are considered "prima facie" limits. Prima facie limits are those limits which on the face of it are reasonable and prudent under normal conditions. 43 Texas Administrative Code (TAC) Section 25.21 (b)(1). While not conclusive, prima facie evidence is proof of the case upon which a court or jury may find a verdict, unless it is rebutted by other evidence. *Garlington v. State*, 25 S.W. 2d. 333, 334 (Tex. Crim. App. 1930).

Defendant committed an offense within Officer Carroll's view. As long as an actual violation occurs,

5.

law enforcement officials are free to enforce the laws and detain a person for that violation. *Garcia v. State*, 827 S.W. 2d. 937, 944 (Tex. Crim. App. 1992). As a general rule, officers may arrest a person for any offense committed in their presence or within their view. Texas Code of Crim. Proc. Article 14.01 (b). However, an exception lies within Texas Transp. Code Sect. 543.004 and 543.005 where no arrest is made, and a notice or promise to appear is made by the Defendant on cases involving a speeding violation. Here, no arrest was made. Defendant signed the citation, and made a promise to appear.

The notice to appear included the date and location of where to appear for court, the Defendant's name and address, and the license plate number of the vehicle. Tex. Transp. Code Sect. 543.003. The citation also includes the posted speed for the location, and the Defendant's alleged speed. Tex. Transp. Code Sect. 543.010.

Based upon the foregoing, the traffic stop made by Officer Carroll was proper based upon the commission of

6.

an offense by the Defendant within his view, as well as the statutes and authority cited above.  In Texas, speed in excess of the speed limit is prima facie evidence that the speed Defendant was travelling was not reasonable and prudent, and therefore, unlawful.

Therefore, the Trial Court was correct in its denial of Davis' Motion to Suppress, and should not be entitled to the relief requested in the issue presented here.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, the State respectfully requests the 12th Court of Appeals affirm the Trial Court's Order denying Appellant's Motion to Suppress.

Respectfully submitted,

_____
James M. Yakovsky
Assistant County Attorney
Angelina County Attorney's Office
P.O. Box 1845
Lufkin, Texas 75902-1845
Telephone: 936.632.3929
State Bar No. 24030668
ATTORNEY FOR THE STATE OF TEXAS

7.

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the foregoing Response to Relator's Brief was served upon the Appellant Pro Se, David Mark Davis, II, 11 Glenview Court, Lufkin, Texas 75901 on the 26th of December, 2014 by electronic delivery.



_____
James M. Yakovsky

## CERTIFICATE OF COMPLIANCE

I certify this document contains 1,060 words, counting all parts of the document except those excluded by Tex.R.App.P.9.4(i)(1). The body text is in 14 point font.



_____
James M. Yakovsky